IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TONY LINEHAN and TIGER
TRANSPORTATION, LLC,

                              Plaintiffs,                              ORDER
        v.
                                                              20-cv-718-jdp
PACCAR, INC. d/b/a PETERBILT MOTORS
COMPANY,

                        Defendant.

---

This is a Wisconsin Lemon Law case that was removed by defendant from state court. Dkt. 8. Defendant PACCAR, Inc. has filed a summary judgment motion, but before the court can decide defendant's motion, defendant must show that the court has subject matter jurisdiction over the case. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021) (federal courts must ensure that jurisdictional requirements are satisfied even when no party challenges jurisdiction); *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011) (defendant has burden to prove jurisdiction when case was removed from state court).

PACCAR's notice of removal relies solely on 28 U.S.C. § 1332, which requires diversity of citizenship between the plaintiffs and defendants and an amount in controversy more than $75,000. PACCAR's notice of removal adequately *alleges* all of those things, but allegations aren't enough at the summary judgment stage to establish jurisdiction; PACCAR must prove jurisdiction with admissible evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (jurisdiction must be proven "with the manner and degree of evidence required at the successive stages of the litigation").

Both sides' proposed findings of fact and briefs ignore jurisdiction, in violation of the court's summary judgment procedures. *See* Standard Attachments for Civil Cases Assigned to Judge Peterson, I.B.2, attached to Dkt. 4 ("The statement of proposed findings of fact must include all facts necessary to sustain the motion for summary judgment, including facts relating to jurisdiction and the identity of the parties."). So the court will give PACCAR an opportunity to file supplemental evidence showing the parties' citizenship.

The court expects plaintiffs to cooperate in the effort to establish their citizenship. And the parties may prove jurisdiction through a stipulation, so long as the stipulation lays out all the relevant facts about the citizenship of the parties, such as domicile, state of incorporation, and principal place of business. *See Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

Evidence about the amount in controversy isn't necessary. The Lemon Law allows a prevailing plaintiff to recover the vehicle's purchase price, *see Hughes v. Chrysler Motors Corp.,* 197 Wis. 2d 973, 979, 542 N.W.2d 148, 150 (1996), which plaintiffs allege was more than $150,000, when incidental expenses are included. Dkt. 1-1, ¶ 7. When the plaintiff plausibly alleges the jurisdictional minimum, no more is required. *See Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 886 (7th Cir. 2009) (good faith basis is sufficient to satisfy amount in controversy).

ORDER

IT IS ORDERED that defendant PACCAR, Inc. may have until November 1, 2021, to file supplemental evidence showing that the court may exercise subject matter jurisdiction over this case. If PACCAR doesn't respond by then, the court will remand the case to state court.

Entered October 25, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge